CUMMINGS, Respondent, *vs.* GUTRIDGE, Appellant.

1. Where the defendant, in his answer, admits that he executed the note annexed to the plaintiff's petition, in manner and form as charged in the petition, he cannot make the objection of variance when the plaintiff unnecessarily offers the note in evidence.

*Appeal from Henry Circuit Court.*

*F. P. Wright*, for appellant. There was a variance between the note sued on and the petition. The court erred in permitting the note to be read in evidence, and in refusing defendant's first and second instructions.

*Ballou*, for respondent. The defendant, in his answer, admitted, by not denying the allegation of the petition, that, by the note thereto annexed, he "promised to pay *plaintiff*," &c. This being so, the objection of variance was untenable. For the same reason, the defendant's instructions were properly refused.

RYLAND, Judge, delivered the opinion of the court.

This was a civil action brought by Cummings against Gutridge, upon the following promissory note:

"March 20th, 1850.

"Six months after date, for value received, I promise to pay unto James Cummings' "*ares*," the sum of one hundred and sixty dollars, without "*dout*" or defalcation or discount."

Plaintiff's petition was as follows: "Plaintiff states, that defendant, by his promissory note hereto annexed, dated March 20th, 1850, promised, for value received, six months after date, to pay plaintiff the sum of one hundred and sixty dollars, without "*dout*" or defalcation or discount; which said sum of one hundred and sixty dollars and the interest are yet due plaintiff, and for which he asks judgment."

The defendant, in his answer, does not deny the making of

the said note, but alleges it was given for a certain consideration, which has failed, and therefore he does not owe said note nor any part thereof.

On the trial, the plaintiff read the note ; the defendant objected to its being read in evidence on account of the variance between the note sued on and the note offered in evidence. The plaintiff having read the note closed his case. The defendant then offered evidence showing the consideration of the note to have been for one half of a wagon and yoke of steers ; and on the way to California, the wagon was left on the road, abandoned, and one of the steers died ; that the wagon, on the plains where it was left, was worth nothing. The jury found for the plaintiff, not considering that the failure of consideration was made out. Many instructions were given in the case, which it is not necessary to consider.

1. The answer of the defendant not denying the making and giving the note mentioned in the plaintiff's petition to plaintiff, the same is to taken as true, and stands admitted against the defendant. It was, therefore, not necessary for the plaintiff to offer the note in evidence, and the question about variance does not properly arise ; of that point, then, this court will not take any notice.

In the finding of the jury, in regard to the failure of consideration, there is nothing that this court will review.

The refusal of the court to give the two instructions prayed for by the defendant, and which are here inserted, as follows, was proper enough :

1. If the jury believe from the evidence that, at the time of the execution of the note sued on, it was the understanding and agreement of the parties that the heirs of James Cummings were to be the payees of the note, and not said Cummings, and that said note was, pursuant to said agreement, made payable to James Cummings' heirs, then they will find for the defendant, unless said Cummings has since acquired a right to the same.

2. The mere fact that said Cummings has had the possession

of said note, does not, of itself, give Cummings a right to sue on the same in his own name.

These instructions are based upon the fact, that the answer denied the making of the note, and that it was necessary to have the same offered in evidence. . The answer did not deny this matter ; therefore, all these instructions were out of place, not called for, and the refusal to give them is not error.

The points discussed at the bar about the payee in the note offered in evidence, do not arise in this case.

The defendant's answer concludes him, as to the making and giving the note sued on in the petition, and the verdict of the jury finding the facts about the failure of consideration in favor of the plaintiff, the court below properly rendered judgment thereon for the plaintiff.

The judgment of the Circuit Court is affirmed, the other judges concurring.